UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK AND VAN DYKE MINI
MART, LLC,

      Plaintiff,

v.                                                            Case No. 24-10260

CITY OF DETROIT,                              Sean F. Cox
                                                              United States District Court Judge

      Defendant.
_____/

## ORDER REGARDING TRO HEARING

On Monday, February 12, 2024, this Court is scheduled to hear oral argument on

Plaintiff's Emergency Motion for Temporary Restraining Order.  In order to make that hearing

as productive as possible, the Court issues this Order, to direct the attorneys for the parties to be

able to respond to the Court's questions.

On January 31, 2024, Plaintiff filed this § 1983 action against the City of Detroit.

Plaintiff's Complaint includes a procedural due process claim.  As written, it alleges that

Plaintiff's gas station was closed and padlocked on January 25, 2024, and that: 1) Plaintiff was

given no pre-deprivation hearing before the closure; and 2) that no post-closure hearing was

being provided either.  Plaintiff alleges that violates his procedural due process right and asks the

Court to issue an injunction that would require the City to reopen the station and return/reinstate

Plaintiff's business license.

The Court realizes that these kinds of cases, with motions for TROs, move quickly and

facts are learned as the case proceeds.  So it is now apparent that Plaintiff's assertion that it has

been given no post-closure hearing date is not true – the City has scheduled a hearing date for February 21, 2024.

The City's response makes assertions about the facts of the case but is rather "light" in terms of responding to Plaintiff's legal arguments and case law dealing with procedural due process claims in this context.

Procedural due process claims are addressed in two steps. *Kaplan v. University of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021). First, the Court determines "whether a constitutionally protected property interest is at stake." *Id*. Only if the Court finds that it is, does the Court proceed to the second step of considering "the procedures necessary to protect that interest." *Id*.

Michigan cases establish that the holder a business license generally "does have some fourteenth amendment property interest in the license." *Taylor Novelty, Inc. v. City of Taylor*, 816 F.2d 682 (1987) (citing cases such as *Bundo v. City of Walled Lake*, 395 Mich. 679 (1976) and *Detroit v. Mashlakjian*, 15 Mich.App. 236 (1969)).  Thus, it appears that Plaintiff has a protected interest in its business license.  The question then becomes what process is due Plaintiff.

Plaintiff's somewhat evolving position appears to be that he was entitled to a pre-deprivation hearing, or at least a *timely* post-deprivation hearing.  Plaintiff contends that keeping his station closed until a hearing is held on February 21, 2024 (ie., nearly a month after the emergency closure) violates his procedural due rights.

This Court is not yet persuaded that pre-deprivation hearing was required under the facts and circumstances presented here.

2

The Court would like to know the City's position as to whether it believes a post-deprivation hearing, held nearly a month after the business's emergency closure and loss of license, comports with due process.  If so, the City should be prepared to direct the Court to cases that support its apparent position that kind of post-deprivation hearing is sufficient.

And the Court would like Plaintiff to address the propriety of the remedy that it seeks in terms of the requested injunction.  It appears that Plaintiff is seeking to bypass the City's hearing process altogether and asks this Court to compel the City to reopen the business and return Plaintiff's license.  Plaintiff should be prepared to provide the Court with authority to support that kind of remedy under facts like this.  Plaintiff should also be prepared to address whether a more appropriate remedy, if there is a procedural due process issue, would be for the Court to order the City to timely hold a hearing (and if it fails to do so, then order it to reopen the business).

The Court therefore ORDERS the parties to be prepared to address these issues at the upcoming hearing.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 9, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2024, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager